Scileppi, J.
(dissenting). The dispositive question is whether, under the agreement between Burt and Local 1205, the arbitrator’s award may withstand a motion to vacate, predicated in part on the ground that the arbitrator “ exceeded his power ” *559 (CPLR 7511, [b], 1, [iii])'. Or, put another way, did the arbitrator give “ a completely irrational construction to the provisions in dispute and, in effect, [malte] a new contract for the parties ” (Matter of National Cash Register Co. [Wilson], 8 N Y 2d 377, 383).
The answer seems to me to be that the award here represents so substantial a departure from the express' terms of the agreement as to- require vacatur. The controlling’ contract provision, in my view,, is paragraph 20, which says: “ 20: Reverence Pay [sic] — In the event an Employer ceases' the active conduct o‘f its business or merges or consolidates its business with another and by reason of any of the foregoing, employees with twenty years or more continuous service and’ less than sixty-five years of age are laid-off or their employment terminated, the Employer shall forthwith pay such employees severance pay in an amount equivalent to $20.00 for each and every year of such service. Such severance pay shall be deemed past earned and accrued, wages for each of such employees.”
An event covered by the contract occurred — Termination of business by Burt resulting in termination of employment for the members of Local 1205. None of the local’s members had 20 years or more continuous service, and thus none was’ entitled to severance pay, let alone the “ back pay ” awarded. There is no predicate for that part of the award directing rehiring, and dearly; under John Wiley & Sons v. Livingston (376 U. S. 543, 555), no' new contract can be imposed upon a “ successor ” employer by operation of the Wiley rule which is aimed at preserving rights acquired during the effective period of a defunct collective bargaining agreement. The majority reads Wiley as putting the successor corporation in the place- of an assignee. Rather, I agree with the' Third Circuit in United Steelworkers of America v. Reliance Universal (335 F. 2d 891) where Wiley was read as imposing on the new owner a limited duty to arbitrate in order to be fair to employees suddenly faced with a new employer. But fairness does not mandate undeserved give away such as here. While arbitrators have broad and extensive powers, and courts may not substitute their own interpretation for an interpretation by the' arbitrator, there is a limit to the arbitrator’s power. That limit is found in the terms' of the contract. The arbitrator here, like all arbitrators, may make an *560 enforcible award only when tbe “ essence ” of the award comes from an interpretation of some provision in the contract and not from the arbitrator’s own notion of “ industrial justice ” (Steelworkers v. Enterprise Corp., 363 U. S. 593, 597). I find nothing in the agreement here under consideration warranting this award. Burt and the corporation may have been properly sent to arbitration, but neither Burt, whose sale of his business was dictated by his own failing health and who has absolutely no interest, financial or otherwise, in the corporation, nor the corporation, which had no interest in taking on Burt’s employees, should be saddled with an award which seems to me so unwarranted as to be irrational (see Matter of National Cash Register Co. [Wilson], supra).
Accordingly, I would affirm the order of the Appellate Division.
Chief Judge Desmond and Judges Fuld, Bubke and Keating concur with Judge Beegan; Judge Scileppi dissents and votes to affirm in an opinion in which Judge Van Voobhis concurs.
Order of Appellate Division reversed and order and judgment of Special Term reinstated, with costs in this court and in the Appellate Division.